UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE J. BORJA, | ) |
| Plaintiff, | ) Case No. 17-cv-2340 |
| v. | ) Judge Sharon Johnson Coleman |
| DAVID J. SHULKIN, Secretary of the United States Department of Veterans Affairs, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Eddie Borja, brings this suit against David J. Shulkin and the Department of Veterans Affairs (hereinafter the "VA"), based on the defendant's allegedly discriminatory and retaliatory failure to promote him. The defendants now move for summary judgment and Borja now moves to strike one of the exhibits that the defendant's Rule 56.1 statement relies on. For the reasons set forth herein, Borja's motion to strike [24] is denied without prejudice and the defendants' motion for summary judgment [21] is denied.

**Background**

The following facts are undisputed unless otherwise noted. Borja has been employed with the VA's police department since the late 1990s. He began working at the VA's campus in Hines, Illinois in 2006 and, in 2008, was promoted to sergeant. As a sergeant, Borja is supervised by a lieutenant, who in turn reports to a deputy chief and a chief. Gary Marsh has been the chief at all times relevant to this suit. Sergeants are responsible for leading shifts, responding to calls, training other officers, and handling clerical duties. Lieutenants, in turn, are responsible for scheduling, payroll, supervising sergeants, policymaking, and training.

During Borja's employment as a sergeant, he sometimes performed the duties of a lieutenant when no lieutenant was scheduled for his shift. He also served as an acting lieutenant on and off for a period of 18 months. In 2017, Borja received a $3,000 award recognizing his performance in this capacity.

On May 22, 2014, the VA posted a job vacancy for a GS-7/8 supervisory police officer (aka a lieutenant). That posting was subsequently withdrawn because it listed the position as a GS-7/8 position and not a GS-8 position. On the same date, the VA posted vacancy 1127203[1] for two GS-0083-08 supervisory police officer positions. The vacancy was open to qualified Hines VA police officers. A certificate of eligible candidates was issued to Chief Marsh on June 18, 2014. The certificate contained three African-American candidates and Borja, who is Hispanic. A selection panel was convened to interview the four qualified applicants.[2] Chief Marsh did not speak to the panel members before or after the interview or indicate any preference as to the race of the candidates. Borja testified that each applicant was asked the same questions and given a score by each panel member. The panel members' scores were then tallied by HR.[3] Donald Barnes, an African American sergeant, received the highest score. It is generally Chief Marsh's practice to hire the highest scoring applicant, and Barnes was therefore selected for the position.

On May 22, 2014, the VA also posted vacancy 1139065 for two GS-0083-08 supervisory police officer positions. That posting was only open to VEOA, VRA, 30% and Schedule A applicants. That posting stated that individuals who met the time-in-grade requirement and were current permanent employees of the Hines VA Medical Center were required to apply via the

---

[1] Unless otherwise noted, vacancies will be referred to by their Vacancy Identification Number throughout.
[2] Borja is inconsistent about the number of qualified applicants in his statement of facts, at one time asserting that there were six but at other times conceding that there were four. This discrepancy is immaterial.
[3] Borja's conclusory argument that Dkt. 24-15 should not be considered is unavailing, as Borja has failed to establish that the document in question cannot be presented in a form that would be admissible into evidence. Fed. R. CivP. 56(c)(2).

1127203 posting. The certificate of eligible candidates, which listed 23 individuals, was issued to Chief Marsh on June 18, 2014. No selections were made from that certificate.

A week after the certificates of eligible candidates for vacancies 112703 and 1139065 were received, the VA posted vacancy 1151982 for two GS-0083-08 supervisory police officer positions. Like in vacancy 1139065, the position was only open to VEOA, VRA, 30% and Schedule A applicants. Unlike vacancy 1139065, however, vacancy 1151982 did not contain the restriction barring applications from individuals who met time in grade and were permanent employees of the Hines VA Medical Center. It is disputed whether or not Chief Marsh instructed applicants who had applied for vacancy 1127203 that they should not reapply for vacancy 1151982.

Borja did not apply for vacancy 1151982, although he contends that he would have been qualified for it if he had. The certificate of eligible candidates for that vacancy included 29 external applicants and two internal candidates. Of the internal candidates, one was African-American and one was Caucasian. Chief Marsh selected the white applicant, Tylor Whitt. It is disputed what information was considered in selecting Whitt.

All four vacancy announcements, and the three subsequent certificates of eligible candidates, concerned the same two vacant positions, which were ultimately filled by Barnes and Whitt. Following the selection process, Chief Marsh noted to Lieutenant Barnes that having one black selectee and one white selectee was good for diversity. Chief Marsh also asked another officer whether Borja was "done crying" over the fact that he had not been selected. In a conversation, Chief Marsh also told Borja that he had "never lost an EEO." It is disputed whether or not Chief Marsh explained that this was because he always followed proper procedures.

In June of 2016, a lieutenant position was posted for Building 215. Borja applied for that position. After panel interviews, Chief Marsh selected Sergeant Gowdy, who was African-American, for the position. It is disputed whether Gowdy was more qualified for that position than Borja.

3

Another lieutenant position subsequently became available. Chief Marsh gave contradicting testimony about whether he reused the scores from the 215 building vacancy or whether he conducted a new interview round.[4] The parties dispute whether VA policy permitted Chief Marsh to reuse the scores from the 215 building interviews. If he did reuse those scores, it is undisputed that Backman was not the highest scoring individual after Gowdy but that Backman did score higher than Borja. It is disputed whether, in selecting Backman, Chief Marsh failed to select two African-American candidates who had scored higher than Backman.

In 2017, a lieutenant position again became available. Three applicants, including Borja, were interviewed. Borja received the highest interview score, and accordingly was selected for the position, which he currently holds.

The VA's Merit Promotion Policy requires consideration of an applicant's resume, appraisals, supplemental qualifications statement, education, awards, training, outside activities, and other tools such as interviews, work samples, and written tests. The parties dispute the weight that these factors are given. And, as previously noted, the parties dispute the respective qualification of Borja and those who prevailed in receiving the positions that Borja sought.

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505,

---

[4] One piece of evidence has been provided to this effect. That evidence is subject to the pending motion to strike, and will be discussed subsequently.

91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). A mere scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson*, 477 U.S. at 252.

**Discussion**

*The Motion to Strike*

The Court initially turns its attention to the plaintiff's motion to strike dkt. 23-12. During his January 24th deposition, Chief Marsh initially claimed that Backman had been hired based on the results of the 215 Building interview process, in which he had scored second. Chief Marsh was subsequently shown the signed score sheets from that interview process, which established that Backman had not scored second. Chief Marsh then changed his testimony, stating that there had been a new vacancy announcement and selection process for Backman's position. Chief Marsh stated that he "probably" had documents proving that there was another selection process in his office and that he would produce those.

On February 8, 2018, after the general close of fact discovery, Magistrate Judge Schenkier ordered that defense counsel produce any additional documents concerning this newly raised selection process by February 23, 2018, or, alternatively, verify that no such documents could be located. When discovery officially closed on February 28, 2018, the ordered production had not occurred. It was not until March 15, 2018, that the VA produced the document in question; an unsigned score sheet with handwritten scores. The parties did not have the opportunity to conduct discovery on this newly raised evidence, which was provided only four days before the defendant's dispositive motion was filed. Borja, realizing that the VA was basing its arguments for summary judgment on this unauthenticated document, promptly moved to strike it or to stay briefing so that

5

additional witnesses involved in the hiring process that it concerned could be deposed. Ruling on that motion was reserved for consideration alongside the parties' summary judgment briefs.

The Court agrees that additional discovery might be warranted by this newly provided document or that, alternatively, its exclusion at trial might be appropriate. The Court need not resolve that question here, however. At the very most, the document in question creates a factual dispute with the evidence already in the record. A party moving for summary judgment, as the VA does here, must be able to show that no genuine disputes of material fact exist. Accordingly, for the purpose of summary judgment this Court declines to strike the document in question and will instead give it the weight to which it is due.

*Discrimination*

In order to survive summary judgment in a racial discrimination action, a plaintiff need only provide evidence that would permit a reasonable factfinder to conclude that racial discrimination caused the adverse employment action at issue. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). In failure-to-promote cases, a plaintiff makes out a prima facie case by offering evidence that (1) he was a member of a protected class; (2) he was qualified for the position sought; (3) he was rejected; and (4) the employer promoted someone outside of the protected class who was not better qualified for the position. *Henderson v. Shulkin*, 720 F. App'x 776, 781 (7th Cir. 2017).

As an initial matter, the VA contends that Borja has not alleged that Barnes' promotion constituted discriminatory conduct. After reviewing the First Amended Complaint, which was filed *after* the summary judgment briefing, the Court agrees that Borja did not allege that Barnes' promotion was discriminatory or that Borja was more qualified for the position than Barnes, notwithstanding the fact that Borja argued these positions in response to the summary judgment motion. Indeed, the only mention of Barnes was a single allegation that Chief Marsh also announced his promotion to a position on a different shift when Whitt's promotion occurred.

Borja's arguments regarding Barnes therefore exceed the scope of the complaint and cannot be considered at this juncture. *Kostovetsky v. Ambit Energy Holdings, LLC*, 242 F. Supp. 3d 708, 718 (N.D. Ill. 2017) (Feinerman, J.) (citing *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)).

The VA contends that Borja has failed to establish a prima facie case that Whitt's promotion was discriminatory because Borja did not apply for the position in question. Here, however, there is a dispute of material fact as to whether Borja was misled as to the need to apply for the position in question. Even if Borja did not apply for the 1139065 vacancy, moreover, Chief Marsh's decision to promote an applicant from that vacancy rather than one from the 1127203 vacancy in itself might have constituted discriminatory conduct in light of the fact that each vacancy listing described two available positions. The VA has offered no evidence to clearly explain why the same two positions were posted multiple times or why a candidate from the 1139065 vacancy listing was chosen over a second candidate from the 1127203 vacancy listing. Here, there is at least some evidence giving reason to believe that Chief Marsh was deliberately trying to hire Whitt notwithstanding the fact that Borja was more qualified than Whitt.

Borja's complaint also alleges that Backman's promotion constituted racial discrimination. The VA has seemingly failed to address this claim, instead construing the claims concerning Backman's hiring as being based solely on a retaliation theory. That issue has accordingly been waived for the purpose of summary judgment. As is subsequently discussed, moreover, Borja has introduced enough evidence to establish a genuine dispute of material fact as to whether an improper consideration such as race or prior protected activity motivated the decision in question.

*Retaliation*

In order for his retaliation claim to survive summary judgment, Borja must provide evidence establishing (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse action and (3) that there is a causal link between the two. *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir.

7

2017). Borja seeks to establish this causal link through the *McDonnell Douglas* burden-shifting framework. Under that framework, once an employee establishes a prima facie case by showing that he was meeting his employer's expectations and was subjected to an adverse employment action that similarly situated employees who did not engage in protected activity were not subjected to, it becomes the employer's burden to articulate a legitimate, non-retaliatory reason for its actions. *Johnson v. General Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 728 (7th Cir. 2013).

Borja contends that the VA retaliated against him by promoting Backman instead of him and by refusing to issue a SF-52 reflecting his service as an Acting Lieutenant.[5] Although it is undisputed that Borja's EEOC complaints constitute protected activity, the VA contends that the failure to issue a SF-52 did not constitute an adverse action. There is unrebutted evidence, however, suggesting that the issuance of the SF-52 would have entitled Borja to increased pay and would have increased his eligibility for promotions. Borja's evidence also suggests that he was entitled to this document and that similarly situated employees who did not engage in protected activity were issued SF-52s. The VA has not put forward evidence setting forth a legitimate and non-retaliatory reason for failing to issue Borja a SF-52. Accordingly, a dispute of material facts exists as to whether Marsh's failure to issue Borja a SF-52 was retaliatory in nature.

The VA also contends that there is no evidence of a causal link between Borja's protected activity and Backman's subsequent promotion. To the contrary, there is evidence that Backman, an employee similarly situated to Borja, received a promotion while Borja did not. The defendant's reason for giving the promotion to Backman is suspect considering the inconsistent and conflicting testimony concerning both the hiring process and Backman's qualification relative to the other

---

[5] The VA initially argued that these claims were not administratively exhausted. It subsequently conceded that point in light of the arguments presented by Borja's surreply. Borja, in turn, appears to have abandoned any potential claim premised on Marsh's statement that he had never lost an EEO proceeding.

applicants. *See Harvey v. Office of Banks and Real Estate*, 377 F.3d 698, 712 (7th Cir. 2004) (recognizing that comparison of qualifications is appropriate when the veracity of the employer's reason for its decision is called into question). The evidence concerning Backman's hiring, taken in Borja's favor, calls into question the veracity of the VA's evidence concerning the hiring process and the weight given to various considerations. Timing, moreover, lends circumstantial support to Borja's claims. Taking the evidence as a whole, the Court concludes that a dispute of material fact remains as to whether the decision not to promote Borja was retaliatory in nature.

**CONCLUSION**

For the foregoing reasons, Borja's motion to strike [24] is denied without prejudice and the VA's motion for summary judgment [21] is denied.

IT IS SO ORDERED.

Date: 12/21/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge